## W. S. MAYES v STATE.

No. 24114. October 13, 1948.
Appellant's Motion to Reinstate Appeal Denied November 17, 1948.

Hon. J. L. Farmer, Judge Presiding.

*Dan Abbott, W. G. Abbott, Wm. T. Acklen, Jr.,* and *Louis C. Ross, all of Abilene,* for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

The record affirmatively reflects that appellant, upon his plea of guilty, was convicted of a violation of the liquor laws and assessed a fine of $500.00, which appellant then and there paid, together with the costs.

Notwithstanding such fact, the trial court, over the State's objection, entertained and, after a hearing, overruled appellant's motion for a new trial, to which action the appellant excepted and gave notice of appeal to this court.

Under such circumstances, is appellant entitled to appeal? Payne v. State, 12 Tex. App. 160 is direct authority that he is not.

Having fully satisfied the judgment by paying the fine and costs, the action was terminated, precluding a review of the conviction. State v. Cohen, 18 A. L. R., p. 867; State ex. rel. Lopez v. Killigren, 74 A. L. R., p. 638.

The opinion heretofore delivered in this case is hereby withdrawn and the appeal is now dismissed.

Opinion approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE APPEAL.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing and insists that the Court was in error in dismissing the appeal in this case, because of the contention that the fine was paid under duress. It is further contended that this Court cannot dismiss a case

after an opinion has once been written, and especially where the State has filed no motion for a change in the procedure.

Without question the Court has jurisdiction of the case still, and is able to withdraw its opinion and substitute another when convinced that such is proper and this is not dependent upon any motion, either by the State or the appellant.

It is further evident, upon a reconsideration of the record in the case, that the effort to have the order of dismissal set aside would present a question of no greater importance than one that is moot. The original opinion disposed of the issues of law raised contrary to appellant's contention and the motion for rehearing was filed. If the present motion were granted it would result in the restatement of the opinion that was withdrawn and an order overruling the motion which was filed following the announcement of such opinion. In no event would there be any relief whatsoever for appellant.

We do not intend hereby to hold that one who has been forced to pay a fine under duress should be denied any relief merely because he plead guilty. If he did so under duress then that issue would have to be presented to the trial court under proper procedure and brought to this Court on appeal from such order as the trial court made. The finding of facts on that kind of motion for new trial would be conclusive on this Court. If the record should come from the trial court with proof of such duress established, the question would be as contended by the motion.

Appellant's motion to reinstate the appeal is denied.