George B. PARR et al., Appellants,

v.

FIRST STATE BANK OF SAN DIEGO et al., Appellees.

No. 3330.

Court of Civil Appeals of Texas.

Eastland.

Nov. 15, 1957.

Gerald Weatherly, Laredo, for appellant.

Sam H. Burris, Dist. Atty., Lloyd & Lloyd, Alice, Walter Purcell, County Atty., San Diego, for appellee.

GRISSOM, Chief Justice.

George B. Parr, Santiago Barrera and A. W. Tobin, as property owning, taxpay-

ing voters and citizens of Duval County, sued the First State Bank of San Diego and Duval County. They alleged that in 1956 Duval County had issued and would continue issuing deficiency warrants that could be paid only out of taxes collected in October, November and December of that year; that the taxes collected during said months were not available for use in 1956 but were restricted to use in the succeeding year; that the county had made no provision for levying and collecting a tax to pay the interest and create a sinking fund to pay said warrants and, therefore, they were being illegally issued and paid. They sought to enjoin their issuance and payment. Said Bank was the county depository and owner of warrants previously issued. Defendants excepted to said petition because it did not state a cause of action for the reason that Article XI, Section 7, of the Texas Constitution, Vernon's Ann. St. and the Statutes do not prohibit the use of taxes paid in October, November and December 1956 to pay salaries and expenditures for services performed and payable in 1956. (They relied on Art. 689a–9a, Vernon's Ann.Civ.St.). Defendants sought judgment denying the injunctions and an order approving said warrants and directing their payment from taxes collected in 1956.

The court rendered judgment which recited the appearance and announcement of ready by each party to the suit and presentment by the county of its motion to dismiss plaintiffs' suit. The judgment recites that defendants' motion and exceptions were sustained; that a jury was waived and all matters of fact and law were presented to the court and, after hearing the cross-action of the bank, the evidence and argument, the court found that said bank should recover, whereupon, plaintiffs' suit was dismissed, and it was decreed that the salaries and expenditures for which warrants were issued and held by said bank were within and authorized by the County budget, ap-

proved by judgment of the commissioners court, which had become final, and that said warrants had been issued and delivered as provided by law and each was decreed a valid and binding obligation of the county.

■ Parr and Barrera appealed. Appellees have filed affidavits showing that the warrants in controversy have been paid from proper funds of Duval County. Appellants have filed no denial thereof. The bank moves to dismiss the appeal because the issues are now moot. No statement of facts has been filed and the relief sought must necessarily be tested by the pleadings and judgment disclosed by the transcript and by the uncontroverted affidavits that the issues presented on this appeal are now moot. It is thus made evident that the acts sought to be prevented have been accomplished. Even if the county, which has not appealed, should be entitled to recover any funds appellants could not recover them for the county. In Scott v. Graham, Tex., 292 S.W.2d 324, 329, our Supreme Court said:

> "When a taxpayer brings an action to restrain the illegal expenditure of tax money by the Commissioners Court, he sues for himself and his interest in the subject matter is sufficient to support the action. But when the money has already been spent, an action for its recovery belongs to the county alone, and cannot be maintained by a private citizen. Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94."

■■ Courts do not decide cases when nothing is left to litigate at the time of the hearing. City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638, 639. Since it appears without dispute that the questions presented are now moot the appeal is dismissed. See Hopkins v. City of Dallas, Tex.Civ.App., 106 S.W.2d 783 (W. R.) State ex rel. Baughman v. Woodruff, Tex.Civ.App., 106 S.W.2d 1088 and Poole v. Giles, 151 Tex. 224, 248 S.W.2d 464.