The jury's verdict found appellant "guilty of a misdemeanor" and assessed the punishment at a fine of $1 and one year in jail.

■ Appellant cites Taylor v. State, 155 Tex.Cr.R. 253, 233 S.W.2d 853, and Garrett v. State, 161 Tex.Cr.R. 556, 279 S.W.2d 366, in support of his contention that the act was a misdemeanor offense, punishable under Art. 801(A), P.C. He overlooks the fact that in Lane v. State, Tex.Cr.App., 305 S.W.2d 595, the holding in Garrett v. State was overruled and this Court held that (A) of Art. 801, P.C. was no longer a valid criminal statute, it having been superseded by Art. 6701d, Vernon's Ann. Civ.St. The holding in Lane v. State, to which the writer dissented, makes inapplicable the prior holding of this Court in Taylor v. State, supra.

As to the verdict, we cannot agree that it constituted a finding by the jury that appellant was engaged in the commission of an unlawful act "known as a misdemeanor", making applicable the punishment provided in Art. 1242, P.C. Art. 1243, P.C., fixing the punishment where the act is one for which an action would lie but not an offense against the penal code, specifically provides that "the homicide resulting therefrom is a misdemeanor, and may be punished by fine not exceeding one thousand dollars *and* by imprisonment in jail not exceeding one year."

 The verdict "We, the jury, find the defendant guilty of a misdemeanor and assess his punishment at a fine of One (1) Dollar and One (1) year in jail" closely follows the language of Art. 1243, P.C. and was properly construed as a finding under that portion of the charge relating to homicide punishable under that statute.

■ This being an indirect attack upon the judgment of conviction, the sufficiency of the information as a pleading or of the evidence is not before us for review. We decide only that the judgment is not void because of the punishment assessed.

The judgment remanding relator to custody is affirmed.

Carter Lee GATES, Appellant,

v.

STATE of Texas, Appellee.

No. 31572.

Court of Criminal Appeals of Texas.

Feb. 24, 1960.

Mack Finis THOMAS, Appellant,

v.

STATE of Texas, Appellee.

No. 31528.

Court of Criminal Appeals of Texas.

Feb. 24, 1960.

Clyde W. Woody, Houston, for appellant.

Dan Walton, Dist. Atty., Jack J. Rawitscher, Samuel H. Robertson, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 5 days in jail and a fine of $100.

█ This is an attempted appeal. The fine has been satisfied, the jail term served, and the term of court ended. This Court has no jurisdiction to entertain such appeal. Article 826, Vernon's Ann.C.C.P.

█ Treated as an original application for writ of habeas corpus, we find no merit in appellant's contention that the judgment is void because he was not present when his motion for new trial was overruled. Had the court not acted on his motion for new trial, it would have been overruled by operation of law within 20 days after its filing. Article 755, V.A.C.C.P., and Barton v. State, 165 Tex.Cr.R. 582, 310 S.W.2d 90.

The appeal is dismissed.