## EX PARTE NEAL DANCER

Nos. 33,578, 33,595, 33,596 and 33,607.   June 21, 1961
Relator's Motion for Rehearing Overruled November 1, 1961
Leave to File Second Motion for Rehearing Denied November 8, 1961

*Butler, Williams & Stone,* Robstown, and *Coffee & Ritter,* Austin, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

These original habeas corpus proceedings are consolidated and will be considered together. They embrace ten separate acts of direct contempt by the relator. It is unnecessary to relate the details other than to state that they occurred in the presence of the court during a jury trial of a criminal case in the district court in which the relator, an attorney, represented the accused, and at the time the court ordered a change of venue after a mistrial was declared.

The record in Cause No. 33,578 in this Court, shows that the relator, Saturday, May 13, 1961 was adjudged guilty of contempt

of court and his punishment was assessed at a fine of $25. Relator refused to pay the fine, and upon adjournment of the court he was by the authority of a writ of commitment incarcerated in the jail in Bee County. Later that day relator was released from custody upon bail granted by this Court.

During the further progress of the trial, the relator was adjudged guilty of contempt for five separate acts on Monday, May 15 and for two separate acts on Tuesday, May 16 and his punishment was assessed at three days in jail and a fine of $100 for six of the acts and a fine of 100 for the other. By authority of seven writs of commitment issued May 16 on the seven foregoing adjudications of contempt, the relator was placed in jail Wednesday, May 17, 1961. At this time there was no written order that the six jail terms be served consecutively.

Immediately before the relator was committed to jail on the seven writs, the court had declared a mistrial and dismissed the jury.

On Thursday, May 18, applications for release from the seven writs of commitment by writs of habeas corpus were presented to this Court by the relator. Two of said applications were set for hearing and bail set: one for an act which occurred Monday afternoon May 15, and shown by our cause No. 33,596 and the other act occurred Tuesday, May 16, which is shown by our cause No. 33,595. Afterward on May 18, the relator was released from custody. It is evident that at the time relator was released the officers were under the impression that bail had been allowed in all seven cases when in fact bail had been allowed in only two of the seven.

Following the order of mistrial, the court adjudged the relator guilty of contempt on two separate acts which occurred Wednesday, May 17 at the time the court on its own motion had ordered a change of venue in the case.

On Friday, May 19, the court entered an order directing that the jail time imposed by the six judgments for acts which had occurred on Monday and Tuesday be served consecutively. Writs of commitment were then issued.

The writs of commitment issued May 19 were executed the same day by the arrest and incarceration of the relator in Nueces County. Shortly thereafter the relator was released on bail set

by the written order of Judge Briggs in Nueces County setting hearing before this Court on Monday, May 22; and on that date this Court for the want of jurisdiction of Judge Briggs to make such order declined to hear it.

On Monday, May 22, the court entered a judgment of contempt which was dated May 17 for acts occurring at the time of the change of venue. Commitment thereon was issued and executed by placing the relator in jail on Tuesday, May 23. He was released on bail later the same day by order of this Court upon this commitment and all others except those in Causes Nos. 33,578, 33,595, and 33,596. This shown by the record in our Cause No. 33,607.

Relator has paid all the fines assessed against him in the judgments, except the $25 assessed May 13, and one $100 fine on May 15 and another $100 fine assessed on May 16.

The seven judgments of conviction became final upon payment of the fines and precludes a review of those convictions. 5 Tex. Jur. 2d. 39, Sec. 19; Mayes v. State, 152 Tex. Cr. R. 430, 214 S.W. 2d 791; Gates v. State, 332 S.W. 2d 333.

The record sufficiently shows that the court was warranted in adjudging the relator guilty of contempt in the first three causes in which bail was granted by this Court. His confinement for the fines totaling $225 and costs in these cases was lawful. This amount is unsatisfied.

Relator insists that he has served all the jail time assessed as punishment in the judgment of contempt.

The court order of May 19, directing that the jail time imposed by the six judgments for acts occurring on Monday and Tuesday be served consecutively is ineffective. It is evident that the order came too late as the relator was serving the three day jail term assessed in each case when the order was entered.

By payment of the two $100 fines in the judgment for acts occurring after a mistrial was declared, said convictions became final. The two three day jail terms assessed were effectively cumulated. Thereafter relator was committed to jail and released later the same day by order of this Court. Therefore he has served one of the six days in jail as ordered by said judgment.

It is concluded that the judgment authorizes relator's confinement in jail for 5 days and until the remaining $225 in fines and costs of court are satisfied.

The applications for the issuance of writs of habeas corpus in all of said causes are denied and the relator is remanded to custody.

Opinion approved by the Court.