**Martine LEE, Sr., and Louvenia Lee, Next Friends of Martine Lee, Jr., Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 14673.

Court of Civil Appeals of Texas.

San Antonio.

March 6, 1968.

Evans & Marshall, San Antonio, for appellants.

James E. Barlow, Miles L. Johnsen, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal pursuant to Art. 2338–1, § 21, Vernon's Ann.Civ.St., from a judgment of the Juvenile Court of Bexar County, entered on December 28, 1966, revoking probation of a judgment of May 14, 1966, and committing Martine Lee, Jr., a fourteen-year-old boy, to the custody of the Texas Youth Council for an indeterminate period not to exceed the time when he shall have become twenty-one years of age. In said judgment, the Juvenile Court also overruled appellants' petition to revoke the judgment of May 14, 1966, and to retry the question of delinquency. All of appellants' points on this appeal relate to the May 14th judgment.

On May 11, 1966, a hearing was had at which Martine Lee, Jr., who was represented by a member of the law firm prosecuting this appeal in his behalf, was adjudged a delinquent child because of the commission of a felony on December 12, 1965. The court suspended his commitment to the Texas Youth Council and placed said minor on probation in the care, custody and control of his parents under supervision of the Bexar County Juvenile Probation Department. There was no appeal from that judgment.

On November 22, 1966, a motion was filed by appellee to revoke this probation, wherein it was alleged that the minor had violated his probation by committing another felony and by breaking the rules and regulations of his school authorities. The Juvenile Court, after a full hearing in which said minor was again represented by his chosen attorneys, found that the minor had violated the terms of his probation in the alleged respects and entered judgment revoking the probation. The child was immediately committed to the care, custody and control of the Texas Youth Council and no recognizance was sought from this Court.

Appellee has filed a motion to dismiss wherein it asserts that the cause is now moot in that, as shown by the affidavit of the Executive Director of the Texas Youth Council, said minor made a satisfactory adjustment while under the jurisdiction of the Texas Youth Council and was discharged from its custody on December 4, 1967, pursuant to the provisions of Art. 5143d, § 14, Vernon's Ann.Civ.St. Therefore, the minor has fully complied with the judgment of May 14, 1966.

 As a general rule, questions involved in an appeal become moot when the judgment is complied with by the complaining party and an appellate court will not retain jurisdiction to thereafter decide such an appeal since appellate courts will not decide moot or abstract propositions. Toudouze v. Urban Renewal Agency, 404 S.W.2d 821 (Tex.Civ.App.— San Antonio 1966, writ ref'd n. r. e.); City of Mesquite v. Rawlins, 399 S.W.2d 162 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.); Anderson v. Crain Chemical Co., 381 S.W.2d 364 (Tex.Civ.App.—Dallas 1964, no writ); Parr v. First State Bank of San Diego, 307 S.W.2d 309 (Tex.Civ. App.—Eastland 1957, no writ); 3 Tex. Jur.2d, Appeal and Error—Civil, §§ 50–55. A similar rule has been followed by the Court of Criminal Appeals. See Gates v. State, 332 S.W.2d 333 (Tex.Crim.App. 1960); Mayes v. State, 214 S.W.2d 791 (Tex.Cr.App.1948).

Since the amendment of Sec. 5, Art. 2338–1, effective August 30, 1965,[1] the jurisdiction of the juvenile court of a delinquent child continues until the child is discharged by the court or until he becomes twenty-one years of age *unless committed to the Texas Youth Council.* Cf. Lazaros v. State, 228 S.W.2d 972 (Tex. Civ.App.—Dallas 1950, no writ). Here the minor was committed to the care, custody and control of the Texas Youth

Council, but he has now been discharged by this agency. The appeal is therefore moot.

The proper procedure where a case becomes moot on appeal was restated by the Supreme Court as follows: "The rule has long been established in this court that when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed." Boatright v. City of Mineral Wells, 415 S.W.2d 901 (Tex.Sup.1967); Appellate Procedure in Texas, § 18.21.

The judgment of the trial court is therefore set aside and this case dismissed.

---

1. Acts 1965, 59th Leg. p. 1256, Ch. 577, § 2, eff. Aug. 30, 1965; Acts 1967, 60th Leg. p. 1083, Ch. 475, § 3, eff. Aug. 28, 1967.