**Augustin Robledo REYNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48159.**

Court of Criminal Appeals of Texas.

May 1, 1974.

Cox & Hurt, Plainview, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, *Commissioner.*

Appeal is taken from a conviction for driving a motor vehicle while intoxicated. Punishment was assessed by the jury at three days in the county jail and a fine of fifty dollars.

Appellant contends that the court erred in admitting the result of a breathalyzer test over appellant's objection that the State had failed to show the use of properly compounded chemicals in such test.

Highway Patrolman Johnson testified that following the arrest of appellant on December 3, 1972, for driving while intoxicated, he took appellant to the Department of Public Safety office in Plainview for a breathalyzer test. Johnson stated that he was a certified breathalyzer operator and related the eight step procedure he used in administering the breathalyzer test to appellant. Over appellant's objection that the State had failed to show that the chemicals used in the test were properly compounded, Johnson testified that the test showed 0.12 percent of alcohol.

On cross-examination, Johnson testified:

"Q. You don't prepare the ampuls that are used in the breathalyzer test?

"A. No, sir. I am an operator.

"Q. That's what I'm saying. And you don't necessarily know what chemical is in a particular ampul that you get?

"A. No, sir, I don't.

"Q. And you are not present when they are prepared?

"A. Not the ampuls, no.

"Q. The ampuls are delivered over here to this office by somebody, are they not?

"A. DPS chemist.

"Q. Okay. So what he does with them before they get there, of your own knowledge, you don't know?

"A. No, sir, I don't."

Johnson further testified that he used a gauge in determining if the correct solution were present for making the test.

The jury was instructed relative to 0.10 percent or more of alcohol in a person's blood raising a legal presumption that such person was under the influence of intoxicating liquor.[1]

In French v. State, 484 S.W.2d 716, this court set forth the necessary predicate for the admissibility of an interpretation of the results of a breath test previously announced in Hill v. State, 158 Tex.Cr.R. 313, 256 S.W.2d 93. It was held that the State must show:

(1) the use of properly compounded chemicals;

(2) the existence of periodic supervision over the machine and operation by one who understands scientific theory of the machine;

(3) proof of the result of the test by a witness or witnesses qualified to translate and interpret such result so as to eliminate hearsay.

Appellant's complaint is directed to the State's failure to comply with the first prong of the test in failing to show the use of properly compounded chemicals.

The witness Johnson testified he was a breathalyzer operator, not a chemist, did not know what chemicals were in the ampul used to conduct the test, was not present when the ampuls were prepared and that such ampuls were delivered to the office (where the test was conducted) by a "DPS chemist."

We conclude, as this court did in French v. State, supra, under a similar fact situation, that the State failed to meet the first prong of the *Hill* test requiring the State to show the use of properly compounded chemicals.

Therefore, we hold that the court erred in allowing the jury to consider the results of the breathalyzer test.

For the reason discussed, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

---

1. Trial was on February 14, 1973. Article 802f, Vernon's Ann.P.C., was amended (effective June 1, 1971) to provide that 0.10 percent or more by weight of alcohol in a person's blood is prima facie proof of the fact that a person is under the influence of intoxicating liquor. (Articles 802d to 802f were transferred pursuant to Section 5 of Acts 1973, 63rd Leg., p. 995, ch. 399, to Articles 6701*l*-3 to 6701*l*-5, V.A.C.S.).