**Richard Lee FOUKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50560.**

Court of Criminal Appeals of Texas.

Nov. 26, 1975.

Melvyn C. Carson Bruder and Barry P. Helft, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Danny Pitzer and Brian Blessing, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an attempted appeal from a conviction for resisting arrest; the punishment assessed by a jury is a fine of $25.00.

■ If it were not moot this Court would have jurisdiction of this appeal. This prosecution was by complaint and information in a County Court at Law. Regardless of the amount of the fine, this Court has jurisdiction of all appeals from county courts when the prosecution is commenced in the county court. Art. 4.03, V.A.C.C.P. The rule is not the same when cases are tried in justice or municipal courts and appealed to the county court; an appeal of these cases may only be taken if the fine assessed in the county court exceeds $100.00. Art. 4.03, V.A.C.C.P. The county court has concurrent original jurisdiction with justice courts and municipal courts in all prosecutions where a statute does not specifically exclude county court jurisdiction. See Art. V, Sec. 16, Constitution of the State of Texas; Art. 4.07, V.A.C.C.P.; *Solon v. State,* 5 Tex.App. 301 (1878); *Woodward v. State,* 5 Tex.App. 296 (1878); *Rose v. State,* 148 Tex.Cr.R. 82, 184 S.W.2d 617 (1945); *Skaggs v. State,* 157 Tex.Cr.R. 195, 247 S.W.2d 906 (1952). In a prosecution for resisting arrest the county court has concurrent original jurisdiction with justice and municipal courts.

■ This appeal is moot because the appellant has voluntarily paid the fine and costs assessed; he voluntarily elected to satisfy the judgment; there is nothing from which to appeal. It has long been the rule in this state that the voluntary payment of the fine in a misdemeanor case renders the appeal from the judgment in that case moot. See *Payne v. State,* 12 Tex.App. 160 (1882); *Mayes v. State,* 152 Tex.Cr.R. 430, 214 S.W.2d 791 (1948); *Winkler v. State,* 252 S.W.2d 944 (Tex.Cr.App.1952); *Woodard v. State,* 163 Tex.Cr.R. 634, 295 S.W.2d 659 (1956); *Gates v. State,* 332 S.W.2d 333 (Tex.Cr.App.1960); *Ex parte Dancer,* 171 Tex.Cr.R. 381, 350 S.W.2d 544 (1961); *Hogan v. Turland,* 430 S.W.2d 720 (Tex.Civ. App.1968).

On June 14, 1974, at the sentencing hearing, in open court the appellant's counsel, in the appellant's presence, indicated that an appeal to the United States Supreme Court would be taken, but stated that the fine and costs would be paid that day. The transcript contains the court's certificate and a bill of costs showing that the fine and costs assessed were fully paid on June 14, 1974.

We are presented with the question of whether the traditional rule, which has already been stated and which has long prevailed in this state, should be overruled. The traditional rule, the liberal rule, and the federal rule are discussed at length in an annotation in 9 A.L.R.3d 462. The appellant urges that this appeal is not moot because there are collateral legal consequences which remain. He cites and relies upon *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Fiswick v. United States,* 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946); *Ex parte Burt,* 499 S.W.2d 109 (Tex.Cr.App.1973); *Ex parte Langston,* 510 S.W.2d 603 (Tex.Cr.App. 1974). These cases may be distinguished from the case we are now considering in other ways, but certainly they can be distinguished from the case we are now considering because in the cases cited the prison sentences which were imposed and served were not voluntarily accepted; also, the collateral legal consequences were much more severe and imminent. It is true and we recognize that some collateral legal consequences are present in any criminal conviction, but here they are minimal. The benefits of the traditional rule as applied in misdemeanor convictions when fines are voluntarily paid is sufficient for us to refuse to overrule our prior cases; that rule has a salutary effect of ending litigation and avoiding the necessity for advisory opinions.

The appeal is dismissed.

Opinion approved by the Court.

DOUGLAS, J., not participating.