**Harlan Cleere CODY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52061.**

Court of Criminal Appeals of Texas.

March 23, 1977.

R. William Wood, Denton, for appellant.

John Lawhon, County Atty. and Mervin B. Waage, Asst. County Atty., Denton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of the misdemeanor offense of driving while intoxicated. Punishment was assessed by the court at a fine of fifty dollars and thirty days in jail, the jail time being probated for a period of six months.

We note that the order of the court assessing the punishment and setting forth the terms of probation erroneously recites that the appellant "pleaded guilty to the information herein, waived trial by jury, and submitted this cause to the COURT . . .. " The record establishes that the trial was *before a jury* on a plea of *not guilty*, and that the verdict of guilty was returned by the jury. The order is reformed to reflect those facts.

The State's contention that this appeal is moot and should be dismissed because the record reflects that appellant has paid the fine and court costs assessed by the court is without merit. *Fouke v. State*, Tex.Cr.App., 529 S.W.2d 772, relied upon by the State, may be distinguished from the present case, in that in *Fouke* the *sole* punishment was a fine of $25.00 and court costs, and the fine and costs were paid voluntarily. This Court said that:

> "The appeal is moot because the appellant has voluntarily paid the fine and costs assessed; he voluntarily elected to satisfy the judgment; there is nothing from which to appeal. It has long been the rule in this state that the voluntary payment of the fine in a misdemeanor case renders the appeal from the judgment in that case moot," citing a number of cases.

In each of the cases cited as authority for this statement, the punishment assessed

had been fully satisfied, so that there was nothing remaining from which to appeal.

In the instant case, the record reflects that the fine and costs were paid after a writ of commitment was issued ordering the arrest of appellant "and him safely keep until such fine and costs, amounting to 104.-30 Dollars, are fully paid and discharged by law . . . ." The court's docket sheet contains the order for the writ of commitment entered September 10, 1975, and both the docket entry and the copy of the writ included in the transcript show that execution was stayed until September 10, 1975, "when defendant shall be arrested unless fine and court costs sooner satisfied." A certificate of the sheriff contained in the record reflects that the fine and court costs were paid September 12, 1975. Under the circumstances, we do not consider this to reflect a voluntary payment.

Additionally, appellant has not elected to satisfy the punishment of thirty days in jail probated for six months. He timely gave notice of appeal from the court's order. The collateral legal consequences of the unsatisfied punishment are not minimal, as were those in *Fouke v. State*, supra. See *Ex parte Langston*, 510 S.W.2d 603, Tex.Cr. App.; *Ex parte Burt*, 499 S.W.2d 109, Tex. Cr.App.

We conclude that the appeal is not moot.

In his second ground of error, appellant contends that the court reversibly erred in admitting in evidence the results of a breathalyzer test and permitting the jury to consider the same in its deliberation. He contends that there is no evidence that the chemicals used in such test were the correct chemicals or used in the proper proportion to insure an accurate test.

Officer Bryan testified that about 9:15 p. m. on January 25, 1975, he arrested appellant following a one-car accident and charged him with driving a motor vehicle upon a public highway while intoxicated. Officer Bryan testified that in his opinion appellant was under the influence of intoxicating liquor. Appellant testified that during that evening he had drunk two cans of beer, but denied being intoxicated. As rebuttal evidence, the State placed Officer Gene Green on the stand. Green testified that he had successfully completed a course in the instruction and operation of "the breathalyzer instrument" conducted by the Texas Department of Public Safety and that he was a certified breathalyzer operator, having been certified by the Department of Public Safety. He stated that at 10:00 p. m. on January 25th he administered the test on appellant, using a control ampule furnished by the Department of Public Safety. He related the eight step procedure he used, and a copy of the check list styled "Texas Department of Public Safety, Breathalyzer Operational Check List for Harlan Cleere Cody" was admitted in evidence. He was then permitted to testify that the test showed 0.13% alcohol, over appellant's objection, as follows:

"Your Honor, we will object to him giving any results of the test for the reason he is not qualified to give it, the State not having laid the predicate, or explaining that he knows the compounding of the chemicals, that they were compounded correctly, or that he understands and knows how the test works, and then in support of the objection we would cite to the court the cases of Hill versus State, and French versus State."

Prior to the answer of the result of the test, appellant asked to take him on voir dire, but his request was refused by the court, and, after the above objection was overruled, the witness answered as above stated.

On cross-examination of Green, the following proceedings occurred:

"By Mr. Wood (appellant):

"Q Do you know what kind of chemicals are used in connection with the breath test?

"MR. WAAGE (State): Your Honor, I believe that he has stated that he is not qualified to testify about those chemicals.

"COURT: I overrule the objection, counsel is not bound by his answers on direct examination.

"Q Do you know what kind of chemicals are used in the breath—with the breathalyzer machine?

"A No, sir.

"Q Do you know what the machine purports to measure?

"A I have a table, but, no, sir, not by—no, sir, this is something that the chemist teaches and this is something that he works out; no.

"Q So,—

"A —In other words, I could read it out of a book but that is it.

"Q But you would be just taking the word of the book then as to what that is?

"A Right, uh-huh. No, I don't know.

"Q So far as the result that you testified that the machine gave, are you saying that you don't know what that means, as far as what it measures?

"A It is thirteen hundredths point alcohol in his blood per—I don't know."

On redirect, he testified:

"Q Let me ask the question I asked on direct examination, are you telling the jury that you know anything about the chemistry behind this test?

"A No, sir, I do not."

Officer Green was the only witness who testified concerning the breathalyzer test. He was not a chemist. As a certified operator, he was qualified to operate the breathalyzer. As stated in *French v. State*, 484 S.W.2d 716, Tex.Cr.App.:

". . . an officer may administer a breath test even though he is not otherwise qualified to interpret the results, *Jackson v. State*, 159 Tex.Cr.R. 228, 262 S.W.2d 499 (1953); *Shawhan v. State*, 393 S.W.2d 921 (Tex.Cr.App.1965), and the standards required to qualify one to administer the test are far less than those qualified to interpret the results. *Fluitt v. State*, 169 Tex.Cr.R. 259, 333 S.W.2d

144 (1960). See, now, Article 802f, supra."

Officer Green admitted that he had not received instructions in the preparation or analysis of chemicals and knew nothing about the chemicals used in the test. No chemist or other witness qualified to testify concerning the chemicals used in the test or to interpret the results testified in this case. There was no evidence concerning the use of properly compounded chemicals. See *Reyna v. State*, 508 S.W.2d 632, Tex.Cr. App.; *French v. State*, supra.

The jury was instructed that:

"Our law further provides that if at any time a person shall have one-tenth of one percent (0.10) or more of alcohol in his blood by weight, it may be presumed he was at such time under the influence of intoxicating liquor." [1]

■ This Court has consistently held that the necessary predicate which the State must prove in order to introduce over proper objection the result of the accused's breathalyzer test includes:

(1) the use of properly compounded chemicals;

(2) the existence of periodic supervision over the machine and operation by one who understands scientific theory of the machine;

(3) proof of the result of the test by a witness or witnesses qualified to translate and interpret such result so as to eliminate hearsay.

See *Reyna v. State*, supra; *Palafox v. State*, 509 S.W.2d 846, Tex.Cr.App.; *French v. State*, supra; *Hill v. State*, 158 Tex.Cr. App. 313, 256 S.W.2d 93.

■ We conclude, as we did in *Reyna*, supra, *French*, supra, and *Hill*, supra, under similar fact situations, that the State failed to meet the first requirement stated above; i. e., to introduce proof of properly compounded chemicals used in the breathalyzer

---

1. The offense occurred January 25, 1975, and the trial was on September 10, 1975. Art. 802f, V.A.P.C., was amended (effective June 1, 1971) to provide that 0.10 percent or more by weight of alcohol in a person's blood is prima facie proof of the fact that a person is under the influence of intoxicating liquor. (Arts. 802d to 802f were transferred pursuant to Sec. 5 of Acts of 1973, 63rd Leg., p. 995, ch. 399 to Arts. 6701*l*–3 to 6701*l*–5, V.A. Civ.St.)

test given appellant. The court reversibly erred in overruling appellant's objection and admitting the evidence of the result of the test.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

DOUGLAS and ODOM, JJ., dissent.