**Michael Wayne CRAWFORD, Appellant,**

v.

**The Honorable John CAMPBELL and The Honorable Beckie Marino, Appellees.**

No. 01–02–01010–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 20, 2003.

Mark J. Kelly, Texas City, TX, for Appellant.

John H. Campbell, Becky Marino, Galveston, TX, for Appellees.

Panel consists of TAFT, JENNINGS, and HANKS.

## OPINION

TIM TAFT, Justice.

Appellant, Michael Wayne Crawford, challenges the order denying his petition for writ of mandamus, which requested Galveston County Court at Law Number 3 to order the City of Galveston municipal court to allow him to appeal his conviction for public intoxication. In one point of error, we determine whether the county court erred in denying appellant's petition on the basis that his appeal was moot. We affirm.

### Facts

On February 9, 2002, appellant was arrested in the City of Galveston for public intoxication.[1] On the day of his arrest, appellant posted a $222 bond and was released from custody. On April 4, 2002, a municipal court found appellant guilty of the charged offense and assessed a $150 fine. The fine and court costs totaled $237. Appellant paid the fine and costs with his $222 bond and an additional $15 in cash.

Appellant obtained counsel and attempted to give notice of appeal and to post an appeal bond. The municipal court refused to accept the notice of appeal or the appeal bond. Appellant then filed a petition for writ of mandamus in the county court, requesting that the county court issue an order compelling the municipal judge and clerk to approve appellant's appeal bond and to forward his case to the county court for a trial de novo. The county court

---

1. A person 21 years of age or older commits the offense of public intoxication if he appears in a public place while intoxicated to the degree that he may endanger himself or another person. *See* Tex. Pen.Code Ann. § 49.02(a) (Vernon 2003).

denied appellant's petition for writ of mandamus.

## Denial of Appeal

■ In one point of error, appellant contends that the county court erred in denying his petition for writ of mandamus on the basis that his appeal was moot. Appellant argues that, because he satisfied the requirements for perfecting appeal under article 45.0426(a) of the Code of Criminal Procedure, his appeal was not moot. *See* TEX.CODE CRIM. PROC. ANN. art. 45.0426(a) (Vernon 2003).

"An appeal from a proceeding for a writ of mandamus initiated in the trial court is treated differently from an appeal from a proceeding for a writ of mandamus initiated in a court of appeals." *Harris v. Jones*, 8 S.W.3d 383, 385 (Tex.App.-El Paso, 1999, no pet.); *see Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 n. 1 (Tex.1991). "[W]e do not review the trial court's findings of fact and conclusions of law under the abuse of discretion standard applicable to mandamus actions originating in appellate courts." *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 481 (Tex.App.-Austin 1997, no pet.). Rather, "[w]e review them in accordance with the standards generally applicable to trial-court findings and conclusions. That is, we review findings of fact for legal and factual evidentiary support ... and we review conclusions of law de novo." *Id.*

The trial court did not provide findings of fact or conclusions of law. There is no dispute as to the facts. Appellant argues that he is entitled to appeal as a matter of law under article 45.0426. Because the issue is purely a question of law, our review is de novo. *See Harris County Appraisal Dist. v. Tex. Gas Transmission Corp.*, 105 S.W.3d 88, 91 (Tex.App.-Houston [1st Dist.] 2003, no pet. h.).

In *Fouke v. State*, the Court of Criminal Appeals held that "the voluntary payment of the fine in a misdemeanor case renders the appeal from the judgment in that case moot." *Id.*, 529 S.W.2d 772, 773 (Tex. Crim.App.1975). Notwithstanding that longstanding rule, appellant asserts that he was entitled to an appeal because the plain language of article 45.0426 allows an appeal to the county court as long as the appeal is perfected within 10 days after the judgment was entered. *See* TEX.CODE CRIM. PROC. ANN. art. 45.0426(a). However, the statute does not address whether an appeal can still be perfected after a judgment has been satisfied. Appellant contends that he did not voluntarily satisfy the judgment because the clerk's office paid the fine and costs with the cash bond that appellant had posted on the night of his arrest. However, appellant still owed $15 after the bond had been applied. It is undisputed that appellant paid the remaining $15 in cash and signed a receipt for it. There is no indication in the record that this payment was involuntary. By voluntarily paying the fine and costs assessed against him, appellant rendered his appeal moot: his election to satisfy the judgment left him nothing from which to appeal. *See Fouke*, 529 S.W.2d at 773.

Although appellant wishes to distinguish this case from *Fouke* on the basis that the appeal attempted in *Fouke* was from a county court to the Court of Criminal Appeals, appellant did not direct this Court to any precedent suggesting that *Fouke* should not apply to an appeal attempted from a municipal court to a county court. Further, the policy grounds behind the *Fouke* decision—avoiding the necessity of advisory opinions and suppressing frivolous litigation—are applicable here as well. *See id.* Thus, the fact that appellant had complied with the statutory requirements for filing an appeal from the municipal court judgment did not entitle appellant to

an appeal after he had voluntarily satisfied the judgment.

Appellant also argues that payment of the fine and court costs should not render his appeal moot because there are serious collateral legal consequences from his conviction. Appellant stated that, because of his conviction, there was a possibility that he could be passed over for a promotion with the Texas City Fire Department and that he was embarrassed by his conviction. Embarrassment and the possibility of losing a promotion do not rise to the level of serious collateral consequences. *See id.* (holding that when the consequences of the conviction are not "severe and imminent," an appeal is moot when the judgment is voluntarily satisfied). Because appellant voluntarily paid the municipal court's fine and costs, we hold that the county court was correct in denying appellant's petition for writ of mandamus.

We overrule appellant's point of error.

### Conclusion

We affirm the judgment of the trial court.