Opinion issued November 20, 2003









     




In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01010-CV




MICHAEL WAYNE CRAWFORD, Appellant

V.

THE HONORABLE JOHN CAMPBELL and THE HONORABLE BECKIE
MARINO, Appellees




On Appeal from County Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. 216,162








O P I N I O N

Appellant, Michael Wayne Crawford, challenges the order denying his petition
for writ of mandamus, which requested Galveston County Court at Law Number 3 to
order the City of Galveston municipal court to allow him to appeal his conviction for
public intoxication. In one point of error, we determine whether the county court
erred in denying appellant’s petition on the basis that his appeal was moot. We
affirm.
Facts
          On February 9, 2002, appellant was arrested in the City of Galveston for public
intoxication.


 On the day of his arrest, appellant posted a $222 bond and was released
from custody. On April 4, 2002, a municipal court found appellant guilty of the
charged offense and assessed a $150 fine. The fine and court costs totaled $237. 
Appellant paid the fine and costs with his $222 bond and an additional $15 in cash.
           Appellant obtained counsel and attempted to give notice of appeal and to post
an appeal bond. The municipal court refused to accept the notice of appeal or the
appeal bond. Appellant then filed a petition for writ of mandamus in the county
court, requesting that the county court issue an order compelling the municipal judge
and clerk to approve appellant’s appeal bond and to forward his case to the county
court for a trial de novo. The county court denied appellant’s petition for writ of
mandamus.Denial of Appeal
          In one point of error, appellant contends that the county court erred in denying
his petition for writ of mandamus on the basis that his appeal was moot. Appellant
argues that, because he satisfied the requirements for perfecting appeal under article
45.0426(a) of the Code of Criminal Procedure, his appeal was not moot. See Tex.
Code Crim. Proc. Ann. art. 45.0426(a) (Vernon 2003).
          “An appeal from a proceeding for a writ of mandamus initiated in the trial court
is treated differently from an appeal from a proceeding for a writ of mandamus
initiated in a court of appeals.” Harris v. Jones, 8 S.W.3d 383, 385 (Tex. App.—El
Paso, 1999, no pet.); see Anderson v. City of Seven Points, 806 S.W.2d 791, 792 n.1
(Tex. 1991). “[W]e do not review the trial court’s findings of fact and conclusions
of law under the abuse of discretion standard applicable to mandamus actions
originating in appellate courts.” Univ. of Tex. Law Sch. v. Tex. Legal Found., 958
S.W.2d 479, 481 (Tex. App.—Austin 1997, no pet.). Rather, “[w]e review them in
accordance with the standards generally applicable to trial-court findings and
conclusions. That is, we review findings of fact for legal and factual evidentiary
support . . . and we review conclusions of law de novo.” Id. 
          The trial court did not provide findings of fact or conclusions of law. There is 
no dispute as to the facts. Appellant argues that he is entitled to appeal as a matter
of law under article 45.0426. Because the issue is purely a question of law, our
review is de novo. See Harris County Appraisal Dist. v. Tex. Gas Transmission
Corp., 105 S.W.3d 88, 91 (Tex. App.—Houston [1st Dist.] 2003, no pet. h.).
          In Fouke v. State, the Court of Criminal Appeals held that “the voluntary
payment of the fine in a misdemeanor case renders the appeal from the judgment in
that case moot.” Id., 529 S.W.2d 772, 773 (Tex. Crim. App. 1975). Notwithstanding
that longstanding rule, appellant asserts that he was entitled to an appeal because the
plain language of article 45.0426 allows an appeal to the county court as long as the
appeal is perfected within 10 days after the judgment was entered. See Tex. Code
Crim. Proc. Ann. art. 45.0426(a). However, the statute does not address whether
an appeal can still be perfected after a judgment has been satisfied. Appellant
contends that he did not voluntarily satisfy the judgment because the clerk’s office
paid the fine and costs with the cash bond that appellant had posted on the night of
his arrest. However, appellant still owed $15 after the bond had been applied. It is
undisputed that appellant paid the remaining $15 in cash and signed a receipt for it. 
There is no indication in the record that this payment was involuntary. By voluntarily
paying the fine and costs assessed against him, appellant rendered his appeal moot:
his election to satisfy the judgment left him nothing from which to appeal. See
Fouke, 529 S.W.2d at 773.
          Although appellant wishes to distinguish this case from Fouke on the basis that
the appeal attempted in Fouke was from a county court to the Court of Criminal
Appeals, appellant did not direct this Court to any precedent suggesting that Fouke
should not apply to an appeal attempted from a municipal court to a county court. 
Further, the policy grounds behind the Fouke decision—avoiding the necessity of
advisory opinions and suppressing frivolous litigation—are applicable here as well. 
See id. Thus, the fact that appellant had complied with the statutory requirements for
filing an appeal from the municipal court judgment did not entitle appellant to an
appeal after he had voluntarily satisfied the judgment.
          Appellant also argues that payment of the fine and court costs should not
render his appeal moot because there are serious collateral legal consequences from
his conviction. Appellant stated that, because of his conviction, there was a
possibility that he could be passed over for a promotion with the Texas City Fire
Department and that he was embarrassed by his conviction. Embarrassment and the
possibility of losing a promotion do not rise to the level of serious collateral
consequences. See id. (holding that when the consequences of the conviction are not
“severe and imminent,” an appeal is moot when the judgment is voluntarily satisfied). 
Because appellant voluntarily paid the municipal court’s fine and costs, we hold that
the county court was correct in denying appellant’s petition for writ of mandamus.
          We overrule appellant’s point of error.
Conclusion
          We affirm the judgment of the trial court.
          


                                                                        Tim Taft
                                                                       Justice

Panel consists of Taft, Jennings, and Hanks.