# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00340-CR

**Michael F. Haendel, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CR-11-100017, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael F. Haendel attempts to appeal from a county court at law order dismissing his appeal from a municipal court's judgment of conviction for the offense of interfering with, assaulting, threatening or intimidating screening personnel at the Austin Bergstrom International Airport. A jury assessed a fine of $1.00. The municipal court also assessed costs of $68.00. The county court at law, acting sua sponte, dismissed the appeal for want of jurisdiction after observing that Haendel had paid the fine and costs assessed in the judgment. *See Mayes v. State*, 214 S.W.2d 791, 791(Tex. Crim. App. 1948) ("Having fully paid the judgment by paying the fine and costs, the action was terminated, precluding a review of the conviction.").

The clerk's record includes the following notation: "Customer Submitted Payment 01/24/2011 Defendant $69 paid by defendant." Haendel does not contend otherwise. The county court at law properly dismissed Haendel's case for lack of jurisdiction, and we will do the same. The

appeal from the municipal court judgment is moot because Haendel has voluntarily paid the fine and costs assessed. It has long been the rule in this state that the voluntary payment of the fine in a misdemeanor case renders the appeal from the judgment in that case moot. *See, e.g.*, *Winkler v. State*, 252 S.W.2d 944 (Tex. Crim. App. 1952); *Mayes*, 214 S.W.2d at 791. Because he voluntarily elected to satisfy the judgment there is nothing from which to appeal. *Fouke v. State*, 529 S.W.2d 772, 773 (Tex. Crim. App. 1975). Consequently, we dismiss the appeal for want of jurisdiction.

Moreover, even if this appeal were not moot, this Court would still lack jurisdiction. This case was tried in a municipal court and appealed to the county court. An appeal of such cases to this Court may only be taken if the fine assessed exceeds $100.00, or if the only issue is the constitutionality of the statute or ordinance on which the conviction is based. Tex. Code Crim. Proc. Ann. art 4.03 (West Supp. 2011).

We dismiss this appeal for lack of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed: August 8, 2012

Do Not Publish