

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NOS. PD-0856-19 & PD-0857-19

BRYANT EDWARD DULIN, Appellant

v.

THE STATE OF TEXAS

ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRD COURT OF APPEALS
BURNET COUNTY

KELLER, P.J., delivered the opinion of the Court in which HERVEY, RICHARDSON, NEWELL, and WALKER, JJ., joined. YEARY, J., filed a dissenting opinion in which KEEL, SLAUGHTER and McCLURE, JJ., joined.

This case deals with a "time payment fee," which is assessed if the defendant pays some or all of his fine, court costs, or restitution "on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution."[1] Ground one of the State's petition contends that the time payment fee must be struck in its entirety because it was assessed prematurely. We conclude that the time payment fee must indeed be struck for being prematurely assessed because

---

[1] TEX. LOCAL GOV'T CODE §133.103(a).

a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee. As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending.

## A. Background

Appellant was convicted of twelve offenses. Court costs were assessed in two of the cases at the time of judgment. Those costs totaled $589 and $639. A bill of cost for each judgment showed that the costs assessed included $25 for time payment fees.[2] The judgments were rendered and entered on June 19, 2018. The clerk's bills of costs were signed and filed on June 19, 2018. Appellant's notices of appeal were filed on July 13, 2018.[3]

## B. The Court of Appeals Opinion

Relying on our opinion in *Salinas v. State*,[4] Appellant claimed on appeal that $22.50 of the court costs assessed in each case violated the principle of separation of powers. The appellate court agreed and deleted $22.50 from each judgment.[5]

## C. Appeal suspends the obligation to pay court costs and thus suspends the running of the clock for the time payment fee.

The State filed a petition for discretionary review that claimed, among other things, that the assessment of the time payment fee was premature because it was assessed at the time of judgment,

---

[2] Each bill of cost actually listed three time payment fees (based on where the funds would go) that together totaled $25.

[3] Appellant also filed a motion for new trial on July 5, 2018.

[4] 523 S.W.3d 103 (Tex. Crim. App. 2017).

[5] *Dulin v. State*, 583 S.W.3d 351 (Tex. App.—Austin 2019).

before the 31 days could have possibly elapsed. We agree that the assessment of the time payment fee was premature, but for a different reason—the pendency of appeal suspends the obligation to pay court costs.

The language of the time-payment-fee statute itself is illuminating in two respects: First, the time payment fee becomes due as soon as the trial court's judgment becomes final, assuming no notice of appeal or motion for new trial has been filed.[6] That does not seem to be a coincidence. Second, because the time payment fee is triggered by the late payment of not only court costs, but also of a fine or restitution, whatever we say about when court costs are due under the statute must also apply to fines and restitution.

Under the Code of Criminal Procedure, the trial court has the power to direct when the payment of a fine or court costs occurs: when sentence is pronounced, at a later date, or at designated intervals.[7] The trial court is also empowered to impose various sanctions on someone who fails to pay a fine or court costs: an order of commitment (confinement in jail),[8] civil collection resulting in execution against the defendant's property,[9] or community service.[10] There is also a statute giving the trial court some direction about and control over the payment of restitution.[11] But none of these statutes address the effect of an appeal on these monetary obligations.

---

[6] *See* TEX. R. APP. P. 21.4, 25.2.

[7] TEX. CODE CRIM. PROC. art. 42.15.

[8] *Id.* art. 45.046.

[9] *Id.* art. 45.047.

[10] *Id.* art. 45.049.

[11] *Id.* art. 42.037.

There is a statute that addresses whether a defendant can defer a sentence of incarceration or community supervision by being released on bail pending appeal.[12] Depending on the seriousness of the offense, the trial court may: (1) be required to release the defendant on bail (misdemeanors), (2) have discretion to allow or deny release on bail (some felonies with sentences less than ten years), or (3) be forbidden to release the defendant on bail (certain felonies regardless of sentence and felonies with sentences of ten years or more).[13] But there is no comparable statute that addresses whether a fine, court costs, or restitution can be deferred pending appeal.

It seems logical that the obligation to pay a fine or court costs would be suspended while an appeal is pending, and caselaw suggests that indeed it is. In *Fouke v. State*, this Court explained that, in a misdemeanor case involving purely monetary punishment, the voluntary payment of the fine and court costs rendered the appeal moot.[14] When a defendant has voluntarily paid the fine and costs, he has "voluntarily elected to satisfy the judgment; there is nothing from which to appeal."[15] Payment of the fine and costs can be voluntary even if the defendant intends at the time of payment to appeal the case to a higher court.[16] The Court distinguished cases involving more serious offenses because "the prison sentences which were imposed and served were not voluntarily accepted" and "the collateral legal consequences were much more severe and imminent."[17] For the misdemeanor

---

[12] *Id.* art. 44.04.

[13] *Id.*

[14] 529 S.W.2d 772, 773 (Tex. Crim. App. 1975).

[15] *Id.*

[16] *Id.*

[17] *Id.* The Court indicated these cases might also be distinguishable in other ways. *Id.*

offense before the Court, however, the collateral consequences were "minimal."[18] The implication of the holding that voluntary payment moots the appeal is that the appealing party does not have to pay while the case is on appeal.

In *Cody v. State*, the Court distinguished *Fouke*.[19] *Cody* involved a defendant who was convicted of driving while intoxicated, sentenced to thirty days in jail probated for six months, and assessed a fine and court costs.[20] The fine and court costs were paid only after an order of commitment was issued for his arrest and confinement until the fine and court costs were paid.[21] The Court did not consider payment under such circumstances to be voluntary.[22] In addition, the Court concluded that the defendant was not voluntarily submitting to his probated sentence and that the collateral consequences of his unsatisfied punishment were not minimal.[23]

The defendant in *Cody* was forced by an order of commitment to pay his fine and court costs. However, the Court did not say that the order was valid, and we cannot presume that the Court was approving a practice of requiring a defendant to subject himself to arrest and confinement in order to preserve his right to appeal. If failure to pay would subject the defendant to coercive sanctions,

---

[18] *Id.* The Court in *Fouke* indicated that its holding was the "traditional" rule, which has "long prevailed in this state." *Id.* The holding in *Fouke* has been followed more recently by two courts of appeals. *Ex parte Rinkevich*, 222 S.W.3d 900, 903 (Tex. App.—Dallas 2007, no pet.); *Crawford v. Campbell*, 124 S.W.3d 778, 780-81 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

[19] *Cody v. State*, 548 S.W.2d 401, 402-03 (Tex. Crim. App. 1977).

[20] *Id.* at 402.

[21] *Id.* at 403.

[22] *Id.*

[23] *Id.*

then any such payment would be involuntary.[24] Accordingly, if a non-incarceration misdemeanor defendant's payment of a fine and court costs while appeal is pending can in fact be voluntary, then it must be because he is not legally required to pay the fine and costs while appeal is pending.

It is true that the *Fouke* rule of mootness appears to be confined to low level offenses where the only punishment is monetary, but that does not change the legal principles involved. The principles that underlie the *Fouke* rule easily explain the different treatment of more serious offenses. Some defendants can be forced to begin a sentence of incarceration or a period of community supervision because a statute so provides, while others might be able to defer the punishment through bail. Any forced submission to punishment required by statute would be deemed involuntary under *Fouke*, while remaining on bail would mean that the punishment had not been accepted by the defendant. Also, defendants who appeal in the more serious cases will often have time remaining on their sentence, and even if they do not, they may suffer significant collateral consequences as a result of their convictions. All of this suggests that there is no reason to treat monetary sanctions differently for more serious offenses than for offenses carrying monetary-only punishment. Absent a statute requiring that monetary sanctions be paid while appeal is pending, we conclude that appeal suspends the obligation to pay.

The conclusion that appeal suspends the obligation to pay monetary sanctions is also consistent with how we handle appeals when a defendant dies. In *Vargas v. State*, we held that the death of a defendant during the pendency of an appeal requires that the defendant's prosecution be

---

[24] *Cf. State v. Stevenson*, 958 S.W.2d 824, 827 (Tex. Crim. App. 1997) ("when a direct penalty may be imposed for the failure to answer a question," statements made in response "are deemed involuntary.").

permanently abated.[25] We noted the appellant's attorney's complaint that merely dismissing the appeals would allow the State to assess court costs against the defendant's estate.[26] By permanently abating the appeals, we prevented any such occurrence because the cases would never be final. We suggested that, for statistical and reporting purposes, the trial court clerk should treat such cases as having been dismissed.[27] If the case never being final means that court costs are never paid, it follows that the case not yet being final means that the court costs are suspended.

Practical considerations also counsel in favor of suspending the obligation to pay pending appeal. If a defendant pays his costs to avoid the time payment fee and his case gets reversed and an acquittal rendered (on appeal or on retrial), he would presumably be entitled to a refund. Because a number of different government entities receive funds from various costs paid, the logistics of recovering relatively small amounts of money to be refunded could be daunting. Even if a defendant is not acquitted, a reversal might still result in the effective termination of a prosecution through a hung jury or a prosecutor's decision not to continue with the prosecution. But there would be less certainty that the prosecution is truly over; the various entities could issue refunds and the prosecution might later begin anew. These practical difficulties are avoided if court costs become due only after the appeal is over.

Also, one remedy mentioned above for a failure to pay a fine or court costs is community service. If a defendant performs community service to pay off his costs while appeal is pending and then his conviction is reversed, one cannot undo the community service he has performed. The

---

[25] 659 S.W.2d 422, 423 (Tex. Crim. App. 1983).

[26] *Id.* at 422.

[27] *Id.* at 423 & n.1.

consequences are potentially weightier for a fine, which could be a much larger amount than court costs. What if the fine is $10,000 and the defendant works it all off through community service before the case is reversed on appeal?[28]

And then there is restitution. Can the defendant be required to give the alleged victim restitution while the case is pending on appeal? If that were true and the case were later reversed on appeal and the defendant acquitted, would the trial court then be required to force the alleged victim to give the money back? Would the trial court have to find the money elsewhere? And an acquittal would not be the only result that might trigger a clawback of restitution. Just granting a new trial would undo the restitution order. Restitution, or at least the amount previously imposed, might not be re-imposed on retrial, or the prosecutor could decide not to seek a retrial. Or the restitution could be the subject of dispute on appeal, which could result in reducing or eliminating the restitution assessed.

All of the practical considerations discussed lead to the conclusion that the monetary obligations we have been discussing (payment of fines, court costs, and restitution) are suspended during the pendency of an appeal. And if those monetary obligations are suspended during the pendency of an appeal, it follows that the running of the clock for the time payment fee is suspended. We see it as no coincidence that the time payment fee is imposed at the exact time that the case would be final if no appeal were pending. That suggests that the time payment fee was designed to be triggered by the finality of the judgment and so should exclude the pendency of the appeal in the time period calculations. Moreover, if pendency of an appeal did not stop the clock for the time

---

[28] *See* TEX. PENAL CODE § 12.32(b). 12.33(b), 12.34(b) ($10,000 maximum fine for first, second, and third degree felonies).

payment fee, then the defendant would ultimately face a monetary penalty for not paying the fine, costs, or restitution despite having filed an appeal. Such a monetary penalty would mean that no payment of fine, costs, or restitution would ever be voluntary, but we see nothing to suggest that the legislature intended to abrogate our prior holdings that a defendant can, in an appropriate case, moot his appeal by voluntarily paying a fine and court costs. Also, creating an incentive to pay a fine, court costs, and restitution during the pendency of an appeal could lead to the adverse results discussed earlier.

The pendency of an appeal stops the clock for purposes of the time payment fee. Consequently, the assessment of the time payment fees in Appellant's case is premature, and the fees should be struck in their entirety, without prejudice to them being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes.[29]

We vacate the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.

Delivered: March 31, 2021
Publish

---

[29] Due to our disposition of the State's claim that the time payment fee must be struck as prematurely assessed, we do not address the State's other claims. Along with the United States Supreme Court, we have recognized "the desirability of avoiding the adjudication of constitutional issues when at all possible." *Pena v. State,* 191 S.W.3d 133, 136 (Tex. Crim. App. 2006). As the Supreme Court has said, "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable." *Id.* (quoting Clinton v. Jones, 520 U.S. 681, 690, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997)(quoting *Spector Motor Service v. McLaughlin*, 323 U.S. 101, 105 (1944))(ellipsis in Clinton)). Whether the time payment fee will be reimposed later is speculative at this point because Applicant could avoid the statutory conditions for imposing the fee by choosing to pay his monetary obligations on time. And there is an available statutory remedy to challenge the time payment fee, if it is ever imposed. TEX. CODE CRIM. PROC. art. 103.008(a).