

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00075-CR

---

THOMAS RAY MAYHEW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 58,954-D, Honorable Pamela C. Sirmon, Presiding

---

November 4, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant Thomas Ray Mayhew was convicted in 2009 of criminal trespass, a class B misdemeanor. No direct appeal of that conviction was filed in this Court. The bill of costs associated with the original 2009 judgment imposed felony costs as well as court-appointed attorney's fees despite Mayhew's apparent status as indigent.

In 2020, the State apparently withdrew funds from Mayhew's inmate trust account. At that point, Mayhew began to communicate with the trial court and the trial court clerk regarding the propriety of costs and fees assessed. The trial court clerk provided Mayhew

some relief in the form of a revised bill of costs that correctly included misdemeanor costs but still included court-appointed attorney's fees. Following Mayhew's dissatisfaction with that revised bill of costs and alerting the trial court to his remaining concerns including certain fees and not having credit toward court costs for the time he spent in jail, the trial court entered a judgment nunc pro tunc signed March 22, 2021, in which the trial court revised the bill of costs to delete a certain fee.

Mayhew, still displeased with the bill of costs, filed his notice of appeal with regard to the March 22nd judgment nunc pro tunc. Subsequent to his filing, the trial court entered another judgment nunc pro tunc signed July 26, 2021, in which it again revised the bill of costs, this time indicating that Mayhew owed nothing in terms of fees after having received credit for time served. The trial court also issued an order directing the district clerk to return to Mayhew $140.70, the amount of funds that had been withdrawn to pay fees in accordance with the prior judgments.

The aforementioned remedial acts by the trial court appear to have rendered moot the concerns voiced by appellant. *See Thias v. State*, No. 07-12-00513-CR, 2014 Tex. App. LEXIS 12635, at *7–8 (Tex. App.—Amarillo Nov. 20, 2014, no pet.) (mem. op.) (recognizing incorrect-fee issue as moot when bill of costs has been corrected to reflect proper amount of fee). That is, since his complaints about the fees and costs were resolved, this appeal no longer involves a live controversy. The proper disposition in such a circumstance is to dismiss it for want of jurisdiction. *See Fouke v. State*, 529 S.W.2d 772, 773 (Tex. Crim. App. 1975) (dismissing appeal as moot because defendant voluntarily paid fine and costs complained of in appeal); *Angulo v. State*, No. 06-20-00016-CR, 2020 Tex. App. LEXIS 3160, at *2 (Tex. App.—Texarkana Apr. 16, 2020, no

pet.) (mem. op., not designated for publication) (involving the imposition of court costs in an amount not supported by a proper certified bill of costs and concluding that the appeal was rendered moot when a proper bill of costs was later included).

By letter dated October 5, 2021, this Court directed Mayhew to inform us whether other complaints remain for disposition and provide grounds for continuing his appeal. Said response was due October 15th, but to date none has been received. Consequently, there being no live controversy for the Court to resolve, we dismiss this appeal for want of jurisdiction.

Per Curiam

Do not publish.