# NO. 12-16-00188-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 217TH* |
| *DAVID MARK DAVIS, II,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLANT* | § | *ANGELINA COUNTY, TEXAS* |

## *OPINION*

David Mark Davis, II appeals from the district court's order denying his application for writ of habeas corpus filed after the county court at law convicted him for speeding. Appellant raises five issues concerning the authority of the Lufkin Municipal Court and the district court, the validity of his plea, the admissibility of evidence, and collateral consequences of his conviction. We affirm.

## BACKGROUND

Appellant received a speeding ticket on January 17, 2015. He entered a plea of no contest in Lufkin Municipal Court and, after being found guilty, filed an appeal bond to take the matter to the county court at law. Appellant pleaded no contest in the county court at law. That court also found him guilty and assessed a fine of $100.00 in a judgment rendered March 31, 2015. Appellant immediately filed a notice of appeal in an attempt to appeal the conviction to this court. We dismissed the appeal for want of jurisdiction on April 29, 2016.[1] Shortly thereafter, Appellant filed his application for writ of habeas corpus in an Angelina County district court. He asked that court to vacate his conviction. After a hearing, the district court denied the application.

---

[1] *Davis v. State*, No. 12-15-00082-CR, 2016 WL 1745516 (Tex. App.–Tyler April 29, 2016, no pet.) (mem. op., not designated for publication).

In his first issue, Appellant asserts that he "is subjected to the collateral consequences of his misdemeanor conviction." He argues that this court's prior rejection of his argument that "a fine is insufficient to trigger a state of restraint" implies that owing a fine is sufficient to constitute restraint. He also asserts that his increased insurance premiums are a collateral consequence of his conviction.

**Standard of Review**

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts arbitrarily or unreasonably. *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.−Austin 2012, pet. ref'd).

**Applicable Law**

To prevail on a postconviction writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). A defendant convicted of a misdemeanor offense may attack the validity of the conviction by way of habeas corpus if he is either (1) confined or restrained as a result of a misdemeanor charge or conviction or (2) is no longer confined, but is subject to collateral legal consequences resulting from the conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005); *Ex parte Rinkevich*, 222 S.W.3d 900, 902 (Tex. App.−Dallas 2007, no pet.).

The word "confined" refers not only to the "actual, corporeal and forcible detention of a person," but also to "any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits." TEX. CODE CRIM. PROC. ANN. art. 11.21 (West 2005). The statute uses the word "restraint" to mean "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." TEX. CODE CRIM. PROC. ANN. art. 11.22 (West 2005). A person who is not confined but is suffering some collateral consequence as a result of his conviction may seek habeas corpus relief. *See Ex parte Harrington*, 310 S.W.3d 452, 457-58 (Tex. Crim. App. 2010) (adverse

consequences to applicant's present and future employment opportunities constitute confinement); *State v. Collazo*, 264 S.W.3d 121, 126-27 (Tex. App.−Houston [1st Dist.] 2007, pet. ref'd) (denial of opportunity to obtain a Texas peace officer license constitutes confinement); *Ex parte Davis*, 748 S.W.2d 555, 557 (Tex. App.−Houston [1st Dist.] 1988, pet. ref'd) (denial of entry into the military constitutes confinement or restraint).

**Analysis**

It is undisputed that Appellant was not sentenced to confinement in jail. In his application, Appellant asserted that he "owes a fine and is subject to the pains of the misdemeanor conviction, to wit: higher insurance rates, loss of status in the community based on conviction, thus he is restrained . . . ." At the hearing on his application, he presented no argument or evidence regarding any collateral consequences or how they constitute restraint. Even if he had proved that his insurance rates had risen or that he had lost status in the community, and that the change was caused by his conviction, these changes do not constitute confinement or restraint as contemplated by applicable law. *See Crawford v. Campbell*, 124 S.W.3d 778, 781 (Tex. App.−Houston [1st Dist.] 2003, no pet.) (embarrassment and the possibility of losing a promotion do not rise to the requisite level of serious collateral consequences); *Dahesh v. State*, 51 S.W.3d 300, 303 (Tex. App.−Houston [14th Dist.] 2000, pet. ref'd) (denial of expunction petition does not constitute confinement or restraint).

In his brief, Appellant references his motion for rehearing in this court in cause number 12-15-00082-CR. He contends that, in the motion, he argued that "a fine is insufficient to trigger a state of restraint," and this court rejected that argument by denying the motion. We dismissed that appeal for want of jurisdiction. *Davis*, 2016 WL 1745516, at *2. What Appellant can infer from our denial of his motion for rehearing is that he presented no argument in his motion to cause us to determine that this court had jurisdiction over that appeal. Furthermore, in that motion, Appellant argued that "Mr. Davis is not under sufficient restraint to sustain a habeas corpus action." Additionally, he stated that "[h]abeas Corpus is an inappropriate vehicle when the only thing that binds a defendant to a case is the conviction itself and a small fine, a fine the State is deferring collection on."

Here, Appellant did not meet his burden to prove that he was confined or restrained or subject to any collateral legal consequences as a result of his misdemeanor conviction. *See Ex parte Richardson*, 70 S.W.3d at 870. The trial court could have concluded that Appellant failed

to prove entitlement to habeas relief. Therefore, it was not an abuse of discretion for the trial court to deny Appellant's application. *See **Ex parte Wheeler***, 203 S.W.3d at 324. We overrule Appellant's first issue.[2]

## DISPOSITION

We ***affirm*** the trial court's order denying Appellant's application for writ of habeas corpus.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 31, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] Because Appellant's first issue is dispositive, we need not reach the remainder of his issues. TEX. R. APP. P. 47.1.

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## OCTOBER 31, 2016

## NO. 12-16-00188-CR

## EX PARTE: DAVID MARK DAVIS, II,

Appeal from the 217th District Court
of Angelina County, Texas (Tr.Ct.No. 2016-0296)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order denying Appellant's application for writ of habeas corpus of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*