

# NUMBER 13-21-00101-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## EX PARTE JOHN D. FERRARA

---

**On appeal from the County Court at Law No. 5
of Cameron County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Benavides**

On June 9, 2022, this Court affirmed the denial of appellant John D. Ferrara's application for writ of habeas corpus. Ferrara has filed a motion for rehearing. We deny the motion, withdraw our previous memorandum opinion and judgment, and substitute this memorandum opinion and accompanying judgment.

Proceeding pro se, Ferrara appeals from the denial of his application for writ of habeas corpus. By four issues, which we have reordered, Ferrara contends that (1) the

denial of his application is appealable, (2) his application contains cognizable claims for habeas relief, (3) he is entitled to a new trial because there is no reporter's record for events listed in the electronic case summary of the underlying proceeding, and (4) the record does not support the habeas court's findings of fact and conclusions of law. We affirm.

## I. BACKGROUND

On November 14, 2019, Ferrara, represented by counsel, pleaded no contest to harassment, a class B misdemeanor. *See* TEX. PENAL CODE ANN. § 42.07. In his written plea, Ferrara judicially confessed that "[he] committed the offense as alleged in the State's information and that each element of the State's pleading is true." The trial court accepted Ferrara's plea, found him guilty, and sentenced him to sixty-days' confinement in the county jail, with credit for time served. *See id.* § 12.22. There is no record that Ferrara sought a direct appeal.

On March 25, 2021, Ferrara filed a post-conviction application for habeas corpus relief claiming (1) the trial court lacked jurisdiction over the underlying criminal proceeding, (2) the conviction was based on false evidence, (3) Ferrara was actually innocent based on newly discovered evidence, (4) Ferrara's due process rights were violated, and (5) prosecutorial misconduct undermines the conviction. The habeas court denied the petition without a hearing because Ferrara "failed to state any cognizable claim for the relief sought." This appeal ensued.

## II. APPLICABLE LAW & STANDARD OF REVIEW

A defendant convicted of a misdemeanor offense may attack the validity of the

conviction by way of habeas corpus if he is either (1) confined or restrained as a result of a misdemeanor charge or conviction or (2) is no longer confined but subject to collateral legal consequences resulting from the conviction.[1] *See* TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. ANN. art. 11.09; *Ex parte Davis*, 506 S.W.3d 150, 152 (Tex. App.— Tyler 2016, no pet.); *see also Ex parte Reveles*, No. 13-06-00143-CR, 2007 WL 2324002, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg Aug. 16, 2007, no pet.) (mem. op., not designated for publication). The trial court has original jurisdiction to grant post-conviction habeas relief in misdemeanor cases. *See Rodriguez v. Ct. of Appeals, Eighth Supreme Jud. Dist.*, 769 S.W.2d 554, 557 (Tex. Crim. App. 1989); *see also In re Rios*, No. 13-17-00511-CR, 2017 WL 4173392, at *2 (Tex. App.—Corpus Christi–Edinburg Sept. 20, 2017, orig. proceeding) (mem. op., not designated for publication). To prevail on an application for post-conviction writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

"An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). A habeas court abuses its discretion when its decision falls outside the

---

[1] Ferrera was not confined at the time he filed his application. However, the State did not challenge Ferrera's allegation that his conviction resulted in collateral consequences that rose to the level of "confinement" or "restraint," including that he would not be eligible to apply for a peace officer's license for a period of ten years from the date of his conviction. *See* 37 TEX. ADMIN. CODE § 217.1(b)(4); *State v. Collazo*, 264 S.W.3d 121, 126–27 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (holding conviction resulting in ineligibility for peace officer's license conferred jurisdiction on trial court to consider habeas claim).

zone of reasonable disagreement. *Buntion v. State*, 482 S.W.3d 58, 76 (Tex. Crim. App. 2016) (citing *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005)).

### III.  RIGHT TO APPEAL[2]

By his first issue, Ferrara submits that the denial of his application is appealable. We agree. It is well-established that a court's ruling on an application for habeas relief following a misdemeanor conviction is subject to appellate review. *See, e.g., Ex parte Aguilera*, 540 S.W.3d 239, 246 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("When reviewing the trial court's ruling on a habeas corpus application, we view the facts in the light most favorable to the trial court's ruling and will uphold it absent an abuse of discretion." (citing *Ex parte Duque*, 540 S.W.3d 136, 145 (Tex. App.—Houston [1st Dist.] 2018, pet. struck))). We sustain Ferrara's first issue.

### IV.  COGNIZABLE CLAIM

Next, Ferrara takes issue with the habeas court's conclusion that none of the grounds presented in his application was "cognizable." Ferrara contends that each ground in his application is a legally recognized basis for habeas relief. On this point, we agree. Each general ground alleged in his application, if sufficiently proven, could be a legitimate basis for habeas relief. Nonetheless, we agree with the habeas court that Ferrara failed to allege a facially valid claim because Ferrara's various factual allegations, even if

---

[2] We previously granted the State's request for leave to file a "letter brief" in place of a standard appellee's brief. *See* TEX. R. APP. P. 38 (establishing briefing requirements). After we accepted the State's brief, Ferrara filed an objection, asking us to hold the parties to the same standard. As Ferrara correctly points out, the Court would not accept his pro se brief until he complied with the various briefing requirements, and the State's three-page brief is wholly deficient under the same appellate rules. *See id.* We also note that the State's brief misidentified the appellant and failed to aid the Court in the resolution of this appeal. Accordingly, upon further consideration, we sustain Ferrara's objection and strike the State's brief.

4

accepted as true, would not establish an entitlement to habeas relief.[3]

## A.      Lack of Jurisdiction & Due Process Violation

Ferrara alleged in his application that the trial court lacked jurisdiction because the complaint and information failed to "provide knowledge of [the requisite] mental state." Both the complaint and information alleged that in Cameron County, on or about November 25, 2018, Ferrara "did then and there, with the intent to harass, annoy, alarm, abuse, torment, or embarrass [the complainant], intentionally or knowingly initiate communication in writing with [the complainant], and in the course of the communication, make an obscene comment." According to Ferrara, the complaint and information were defective because they "had to show" his intent, and "[t]here is no mention of the reasoning for the messages being sent, other than they were sent."

Moreover, Ferrara alleged that he filed two pretrial motions raising his objections, but the trial court failed to set the motions for hearing or rule on them. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (requiring objections to defects in an indictment or information to be raised pretrial or they are deemed waived). He contends that this lack of "proper review" amounted to a due process violation.

First, we have reviewed the complaint and information, and each contains all the necessary information required by the Texas Code of Criminal Procedure. *See id.* arts. 15.05, 21.21. As Ferrara acknowledges, "intent" is a defined term in the Texas Penal

---

[3] We assume, without deciding, that each of Ferrara's various grounds was not susceptible to direct appeal. *See Garza v. State*, 435 S.W.3d 258, 262 (Tex. Crim. App. 2014) ("The Great Writ should not be used in matters that should have been raised on appeal." (quoting *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989))).

Code. *See* TEX. PENAL CODE ANN. § 6.03(a). "Generally, when a term is defined in the penal statutes, it is permissible to use that term without further allegations in the indictment because the defendant is presumed to be on notice of statutory definitions." *Becker-Ross v. State*, 595 S.W.3d 261, 270 (Tex. App.—Texarkana 2020, no pet.) (quoting *State v. Goldsberry*, 14 S.W.3d 770, 773 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd)). Thus, the State was not required to allege further details about Ferrara's intent in the charging instrument. *See id.* at 270–71.

Further, the complained-of defect is not jurisdictional in nature. For a charging instrument to be constitutionally valid, and thus confer jurisdiction on the trial court, it need only allege that a person committed an offense. *Teal v. State*, 230 S.W.3d 172, 179 (Tex. Crim. App. 2007). If the allegations in the charging instrument are clear enough for the defendant to identify the offense alleged, then the instrument is sufficient to confer jurisdiction, regardless of whether an element of the offense is absent. *Id.* at 180. Here, because the information unmistakably charged Ferrara with harassment, jurisdiction properly vested in the trial court.[4] Consequently, any failure of the trial court to consider Ferrara's pretrial motions was harmless. *See* TEX. R. APP. P. 44.2.

## B. False Evidence

Ferrara also alleged in his application that "all the claims raised by the complainant

---

[4] "A trial court has subject-matter jurisdiction over a criminal case if the Texas Constitution and statutes grant the trial court authority over the case and the State invokes the grant of authority in its pleadings." *Dailing v. State*, 546 S.W.3d 438, 443 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009)). County courts, including the statutory county court here, generally have exclusive original jurisdiction over misdemeanors. *See* TEX. GOV'T CODE ANN. §§ 25.0003(a), 25.0332, 26.045(a).

[we]re false," that contrary to the complainant's accusations, he "did not message the complainant on Linked[I]n," he "did not post pictures of the complainant[']s children," and he "did not send multiple messages to the complainant[']s spouse."

"In order to be entitled to post-conviction habeas relief on the basis of false evidence, an applicant must show that (1) false evidence was presented at his trial and (2) the false evidence was material to the jury's verdict of guilt." *Ex parte De La Cruz*, 466 S.W.3d 855, 866 (Tex. Crim. App. 2015) (citing *Ex parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014)). Both prongs must be proven by a preponderance of the evidence. *Id.* (citing *Weinstein*, 421 S.W.3d at 664). In the context of a guilty plea, "the materiality of false evidence is measured by what impact that false evidence had on the defendant's decision to plead guilty." *Ex parte Barnaby*, 475 S.W.3d 316, 325 (Tex. Crim. App. 2015). In other words, "[w]ould the defendant, knowing of the falsity of the evidence, still have plead[ed] guilty or would he have insisted on going to trial?" *Id.* at 326.

Here, Ferrara was not "*unaware* of false evidence" when he elected to plead no contest. *See id.* at 325 (emphasis added). To the contrary, if we take him at his word, Ferrara always knew the allegations against him were false. Yet, despite that knowledge, Ferrara waived his right to trial, waived his right to confront his accuser, judicially confessed to the offense, and effectively pleaded guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (providing that a plea of no contest has the same legal effect as a guilty plea). Thus, he cannot show that, "knowing of the falsity of the evidence," he would have insisted on going to trial.[5] *See Ex parte Barnaby*, 475 S.W.3d at 325.

_____

[5] We note that there is no allegation that the complainant has recanted. Ferrara's false evidence

7

**C.     Actual Innocence Based on New Evidence**

Relatedly, Ferrara's third ground was that newly discovered evidence established his actual innocence. As support for this contention, Ferrara alleged that "[a]fter closure of the cause, [he] received information through [a] Federal record that [the] complainant made [a] statement without factual knowledge." In particular, the complainant purportedly told police that Ferrara had been diagnosed as schizophrenic, that Ferrara had served in the United States Army, and that Ferrara was divorced. According to Ferrara, none of these things was true, and this revelation casts doubt on the complainant's general credibility, and by extension, the complainant's accusations against him.

"Establishing a bare claim of actual innocence is a Herculean task." *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). "[T]o succeed in an actual innocence claim the applicant must show 'by clear and convincing evidence that, despite the evidence of guilt that supports the conviction, no reasonable juror could have found the applicant guilty in light of the new evidence.'" *Id.* (quoting *Ex parte Tuley*, 109 S.W.3d 388, 392 (Tex. Crim. App. 2002)). Ultimately, "[t]his showing must overcome the presumption that the conviction is valid[,] and it must unquestionably establish [the] applicant's innocence." *Id.* (citing *Ex parte Tuley*, 109 S.W.3d at 392). A guilty plea does not prohibit an applicant from raising a bare innocence claim, but a convicting court reviewing a collateral attack "is not free to ignore a guilty plea" and must weigh the significance of the plea against the newly discovered evidence. *Ex parte Tuley*, 109

_____

claim rests on nothing more than his denial of the complainant's accusations.

8

S.W.3d at 392–93.

Assuming the "[f]ederal record" constitutes newly discovered evidence, the complainant's purported misstatements about Ferrara's background do not conclusively establish Ferrara's innocence. *See Ex parte Brown*, 205 S.W.3d at 545 (defining "newly discovered evidence" as "evidence that was not known to the applicant at the time of trial and could not be known to him even with the exercise of due diligence"). As previously mentioned, there is no allegation that the complainant has recanted, but even if he had, a complainant's recantation does not guarantee a successful claim of actual innocence. *See, e.g.*, *Ex parte Navarijo*, 433 S.W.3d 558, 568 (Tex. Crim. App. 2014) ("Given the lack of detail in the complainant's recantation testimony and her inability to recall basic facts surrounding the sexual-assault allegations against applicant, we conclude that her testimony fails to unquestionably establish applicant's innocence."). At most, Ferrara's newly discovered evidence may raise credibility concerns about the complainant, but credibility determinations are exclusively within the purview of the jury, and the jury is free to believe or disbelieve any portion of a witness's statement. *Trenor v. State*, 333 S.W.3d 799, (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998)). Thus, even if the complainant "made [a] statement without factual knowledge," as Ferrara alleges, it does not necessarily follow that the complainant fabricated his harassment accusations against Ferrara. In the face of Ferrara's plea of no contest and his judicial confession to the commission of the offense, this newly discovered evidence does not "unquestionably establish [Ferrara's] innocence." *Ex parte Brown*, 205 S.W.3d at 545 (citing *Ex parte Tuley*, 109 S.W.3d at

392).

### D. Prosecutorial Misconduct

Finally, Ferrara claimed that his conviction was tainted by prosecutorial misconduct because "[t]he State did a subpar investigation into the matter." Ferrara alleged that the State "failed to obtain easily obtainable evidence from Social Media Platforms" that was exculpatory.

The State has a duty to divulge exculpatory or impeachment evidence, and a failure to do so violates a defendant's right to due process. *Brady v. Maryland*, 373 U.S. 83, 86–88 (1963). "However, the [S]tate is not required to seek out exculpatory evidence independently on appellant's behalf, or furnish appellant with exculpatory or mitigating evidence that is fully accessible to appellant from other sources." *Harm v. State*, 183 S.W.3d 403, 407 (Tex. Crim. App. 2006) (first citing *United States v. Bagley*, 473 U.S. 667, 675 (1985); then citing *Jackson v. State*, 552 S.W.2d 798, 804 (Tex. Crim. App. 1976)). Thus, Ferrara's allegation that the State "failed to obtain easily obtainable evidence" on his behalf is not a legally recognized claim of prosecutorial misconduct. *See id.*

In sum, Ferrara voluntarily pleaded no contest to the misdemeanor charge of harassment. Although he may now earnestly regret that decision, he did not allege a "cognizable" basis for habeas relief, and therefore, the habeas court did not abuse its discretion in denying his application. *See Buntion*, 482 S.W.3d at 76. Ferrara's second

10

issue is overruled.

## V.     REPORTER'S RECORD

By his third issue, Ferrara claims for the first time on appeal that he is entitled to a new trial because there is no reporter's record "to confirm the events listed in the 'electronic case summary.'" Ferrara does not identify which "events" he is referring to but says his mental health status became a central issue in the case. Although he disputes any concerns over his mental health, he believes that the topic, falsely interjected by the complainant, colored the proceedings. For example, he alleges that the State offered "to make a plea bargain to send [him] to a mental health ward" and raised the issue during the punishment phase.

Because Ferrara did not include this issue in his application for habeas corpus, it cannot be raised for the first time on appeal. *See Ex parte Torres*, 941 S.W.2d 219, 220 (Tex. App.—Corpus Christi–Edinburg 1996, pet. ref'd). Even if Ferrara had preserved the issue, it is not clear how it would support his claim for habeas relief. To the extent that he argues these allegedly missing records would support his habeas claims, we have already found those claims facially invalid.

Importantly, Ferrara has never argued that he was mentally incompetent and that his plea was not free and voluntary as a result. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) ("No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary."). To the contrary, Ferrara insists that he is, and has always been, mentally sound.

11

Additionally, we have reviewed the reporter's record from Ferrara's plea hearing, and there is nothing in it to suggest that Ferrara was not competent to enter his plea. The record reflects that Ferrara suffers from "PTSD" and had stopped taking his prescribed medications prior to his arrest. During his twenty-eight-day detention in the county jail, Ferrara regularly took his medications and "stabilized" before entering his plea. Additionally, Ferrara's counsel informed the trial court that his client was mentally competent, and the trial court found Ferrara mentally competent to enter his plea.

Thus, having freely and voluntarily entered a plea of no contest and having received a sentence of time served, we fail to see how the State's concern for his mental health infringed upon his constitutional rights.[6] *See Blackledge v. Allison*, 431 U.S. 63, 72 (1977) (explaining that "the very purpose of the writ of habeas corpus [is] to safeguard a person's freedom from detention in violation of constitutional guarantees"). Ferrara's third issue is overruled.

## VI.   FINDINGS OF FACT & CONCLUSIONS OF LAW

By his last issue, Ferrara argues that the habeas court's findings of fact and conclusions of law are not supported by the record. The clerk's record contains proposed findings of fact and conclusions of law submitted by the State but unsigned by the habeas court. The clerk's record does not include any separate findings of fact and conclusions of law entered by the habeas court. Without any such findings or conclusions, there is

---

[6] During the plea hearing, the State informed the trial court that it elected to charge Ferrara with the less serious offense of harassment, rather than stalking, out of consideration for Ferrara's mental health issues. Similarly, the trial court also considered Ferrara's mental health when, over the State's objection, it sentenced him to time served.

12

nothing for us to review. *See London v. State*, 490 S.W.3d 503, 508 (Tex. Crim. App. 2016) ("Generally, the appealing party carries the burden to ensure that the record on appeal is sufficient to resolve the issues presented."). Ferrara's fourth issue is overruled.

## VII.   CONCLUSION

We affirm the habeas court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
30th day of June, 2022.

13